UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SEMYON KREMER,

    Plaintiff,

v.                                        Case No. 3:19-cv-887-BJD-JBT

ALEXEY LYSICH, IGOR
FEDORENKO, PROTOGROUP,
INC., INKVIST, INC., and SMILE
LAND, INC.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Joint Stipulation to Amend and Alter Order and Judgment submitted by Plaintiff, Semyon Kremer and Defendants Alexey Lysich, Smile Land, Inc., Protogroup, Inc. (Doc. 312; Stipulation).[1] The Stipulation follows a bench trial, the Court's entry of findings of fact and conclusions of law, and post-trial motion practice. The parties agreed to settle this case contingent on the Court amending its final judgment and factual findings.

Rule 60 allows a court to relieve a party from an order because of mistake, inadvertence, surprise, excusable neglect, or for any other reason

---

[1] The non-filing Defendants are either defunct or in default. The Court refers to the parties as encompassing all participating parties.

that justifies relief. Rule 59(e) also allows the Court to relieve a party from an order, but a motion must be made within twenty-eight days after the entry of judgment. The functions of both Rule 60 and Rule 59 are similar insomuch as they "provide a mechanism for those situations in which relief must be obtained after judgment." Brown v. Spells, No. 7:11-CV-91 HL, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011) (quoting Charles Alan Wright et al., § 1489 Amendments with Leave of Court—Amendments after Judgment and Appeal, 6 Fed. Prac. & Proc. Civ. § 1489 (3d ed.)). The parties adjusted positions and agreement provides good cause for the relief they seek.

In light of the parties' agreement, the following facts are established:

a. Smile Land is a Florida corporation;

b. Protogroup is a Florida corporation;

c. Inkvist, Inc. is a Delaware corporation;

d. Alexey Lysich is an individual citizen of Florida;

e. Mr. Kremer was never given an ownership interest in Protogroup;

f. Mr. Kremer is the owner of 20% of the shares of Inkvist;

g. Defendant, Igor Fedorenko, owned the other 80% of the shares of Inkvist;

h. Mr. Kremer was formerly president and director of Smile Land for a period of time beginning at its formation in 2007 and

through November, 2016;

i. In 2006, Inkvist acquired a condominium at 113 N Bread Street, Philadelphia, Pennsylvania (the "Condo"), and Mr. Kremer personally guaranteed the loan;

j. Mr. Kremer is the owner of 20% of the shares of Smile Land ("Mr. Kremer's Shares");

k. Alexey Lysich is the owner of the other 80% of Smile Land;

l. Smile Land's primary assets were a Days Inn hotel located in Palm Coast, Florida, the Danica Hotel in Montenegro, and a residential rental property in Palm Coast;

m. Mr. Kremer personally guaranteed Smile Land's license agreement with Days Inn aka Wyndham;

n. In 2016, the IRS conducted an audit of Smile Land's 2014 Federal returns;

o. Initially, the IRS questioned whether Smile Land's purchase of fruits and vegetables with included agency fee (the "Solinger Transaction") was an ordinary and necessary business expense or a dividend to Alexey Lysich;

p. Al Schulz, an IRS enrolled agent, handled the audit for Smile Land until it retained James Moore & Company to assist with the 2016 IRS audit;

q. After James Moore & Company provided the IRS with a letter from Solinger Trading Limited supporting the cost of goods sold and agency fee expenses, the IRS found the Solinger Transaction constituted a deductible business expense, not a dividend to Alexey Lysich. Smile Land, Inc.'s purchase of fruits and vegetables with included agency fee, a/k/a the Solinger Transaction, was an ordinary and necessary business expense and was not a dividend to Mr. Lysich.

r. Smile Land terminated Mr. Kremer as director and president based on its perception that Mr. Kremer was not participating with the IRS audit and due to Mr. Kremer not returning Smile Land's books and records to its principal place of business;

s. Mr. Kremer was removed as a director with Inkvist, so he unable to sell the Condo to satisfy the mortgage and eliminate his personal guarantee;

t. On December 14, 2018, the United States District Court for the District of New Jersey appointed Adam Derman, Esquire as the liquidating receiver for Inkvist;

u. On October 23, 2019, the United States District Court for the Middle District of Florida approved the sale of the Philadelphia property for $440,000.00;

v. On January 13, 2020, the United States District Court for the Middle District of Florida approved the payment of the Receiver's attorneys fees and expenses in the amount of $61,899.09 and the Property Manager's fees of $19,596.51 from the net proceeds of the sale of the Philadelphia property;

w. On September 28, 2022, the Court held that Fedorenko breached is duty to Inkvist, Inc. and Kremer for failing to authorize the sale of Inkvist's asset at its original higher offer;

x. As a result, Mr. Kremer suffered a $30,699.12 loss to his ownership interest in Inkvist, Inc;

y. The Court awarded Kremer $50,519.12 plus prejudgment interest against Fedorenko and Inkvist, Inc;

z. Under Delaware law, Kremer is entitled to attorneys' fees and costs against Inkvist, Inc. and Fedorenko;

aa. In addition, the Receiver is entitled to $12,500.00 as a final bill for his receivership;

bb. Kremer is entitled to $86,518.05 from the Inkvist Inc. escrow fund, inclusive of pre and post judgment interest, costs, and attorneys fees;

cc. The Court granted summary judgment in favor of Petr Lysich as to Mr. Kremer's claim for breach of contract, (Doc. 213);

dd. The Court granted summary judgment in favor of Protogroup as to Mr. Kremer's claims for dissolution and constructive trust, (Doc. 214);

ee. Mr. Kremer voluntarily dismissed all of his remaining claims against Petr Lysich, (Doc. 262.1);

ff. Mr. Kremer abandoned his claims for:

1. Civil conspiracy against Alexey Lysich;

2. Retaliation in violation of New Jersey law against all Defendants

3. Damages pursuant to Florida's whistleblower statute against Smile Land and Protogroup;

gg. Mr. Kremer never was an owner of 20% of the shares of Protogroup, nor is he entitled to 20% of the shares of Protogroup, therefore, Mr. Kremer is not entitled to a forced buyout of Protogroup shares he never owned and was never entitled to;

hh. Protogroup did not owe Mr. Kremer any fiduciary duties, and therefore, Protogroup could not have breached any alleged fiduciary duties to Mr. Kremer;

ii. Alexey Lysich, Petr Lysich, Fedorenko, Protogroup, Smile Land, and Inkvist are not alter-egos of each other, therefore, Smile

Land, Inkvist and Protogroup's corporate veils cannot be pierced, nor are Alexey Lysich or Fedorenko jointly and severally responsible for any other defendants' conduct or damages resulting therefrom;

jj. Mr. Kremer is not entitled to an accounting or dissolution of Smile Land, Protogroup, or Inkvist;

kk. Mr. Kremer is not entitled to a distribution or dividend from Smile Land proportionally related to his 20% interest in Smile Land and the amount of the Solinger Transaction.

ll. Smile Land shall purchase Mr. Kremer's Shares for $3,200,000. Mr. Kremer waives all pre and post judgment interest.

mm. Mr. Kremer shall transfer Mr. Kremer's Shares to Smile Land Defendants;

nn. Mr. Kremer shall return Smile Land's books and records identified in the terms of the Parties' agreement to Smile Land's counsel.

oo. Smile Land and Alexey Lysich shall remove Mr. Kremer as a personal guarantee of the license agreement between Smile Land and Days Inn and/or Wyndham; and

pp. There is no reasonable basis for allowing punitive damages

against any defendants.

qq. Mr. Kremer, Alexey Lysich, Smile Land, and Protogroup shall bear their own attorneys' fees and costs.

Accordingly, after due consideration, it is

**ORDERED:**

1. Smile Land, Inc. shall purchase Mr. Kremer's Shares for $3,200,000 pursuant to the terms of Plaintiff and Smile Land Defendants' Settlement Agreement and Mutual Release effective March 2, 2023.

2. Semyon Kremer shall transfer Mr. Kremer's Shares to Smile Land, Inc. upon the receipt of the above referenced $3,200,000.

3. Semyon Kremer shall return Smile Land, Inc.'s books and records to Smile Land, Inc.'s counsel pursuant to the terms of Plaintiff and Smile Land Defendants' Settlement Agreement and Mutual Release effective March 2, 2023.

4. Smile Land, Inc. and Alexey Lysich shall remove Semyon Kremer as a personal guarantee of the license agreement between Smile Land, Inc. and Days Inn and/or Wyndham and as a recipient of notices and/or e-mail correspondences from Days Inn and/or Wyndham pursuant to the terms of Plaintiff and Smile Land Defendants' Settlement Agreement and Mutual Release effective March 2, 2023.

5. Adam K. Derman, Esquire, the Receiver for Inkvist, Inc.'s and CSG's

fees and expenses in the amount of $12,500 incurred during the Final Period are hereby approved and allowed (the "Approved Fees for the Final Period").

6. The Receiver is authorized to pay the Approved Fees for the Final Period to CSG from the net sale proceeds of the Property, currently held in escrow in the Receiver's attorney trust account, by no later than fifteen (15) business days after the date of entry of this Order.

7. The Receiver's Final Accounting, attached as Exhibit "D" to the Receiver's Motion (Doc. 305), is hereby approved.

8. Adam K. Derman, Esquire, the Receiver for Inkvist, Inc., is hereby directed and authorized to release $86,518.05 to Plaintiff's counsel to satisfy the judgment against Inkvist, Inc. and Igor Fedorenko.

9. The Receiver is discharged, released, and relieved of any further duties, responsibilities, obligations, or liabilities with respect to Inkvist, Plaintiff, Defendants, their affiliates, subsidiaries, directors, and officers, and any taxing authorities. All claims against the Receiver, if any, are barred.

10. The claims against Protogroup, Inc. are **DISMISSED with prejudice.**

11. Semyon Kremer, Alexey Lysich, Smile Land, Inc., and Protogroup, Inc. shall bear their own attorneys' fees and costs.

12. The Court retains jurisdiction for ninety (90) days following entry of this Order to enforce the terms of Mr. Kremer and Smile Land Defendant's settlement agreement.

13. This Order **AMENDS and SUPERSEDES** Docket Entries 298 and 299.

14. The Clerk of the Court shall terminate any pending motions and this file shall remain closed.

**DONE** and **ORDERED** in Jacksonville, Florida this 12th day of April, 2023.

BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

Counsel of Record
Unrepresented Parties